### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

IN RE:

**BORINQUEN PARKING SERVICES INC**

    **Debtor(s)**

**CASE NO. 16-00791**

**CHAPTER 11**

**FILED & ENTERED ON 12/22/2016**

### OPINION & ORDER

Before this court is the *Landlord's Motion for Order Requiring the Debtor to Pay Post Petition Rent and Granting an Administrative Expense Claim Pursuant to 11 U.S.C. § 503(a)* filed by Creditor, Asociación de Empleados del Estado Libre Asociado de Puerto Rico "AEELA") [Dkt. No. 39]; the *Response to Landlord's Motion Requiring Debtor to Pay Post-Petition Rent and Objection to Administrative Expense Claim* Motion filed by Debtor, Borinquen Parking Services, Inc., ("Debtor")[Dkt. No. 50]; and AEELA's *Reply to Debtor's Response in Opposition To AEELA's Administrative Claim Request* [Dkt. No. 52]. For the reasons set forth below, AEELA's Motion is GRANTED.

On April 1st, 2012, Debtor and AEELA executed two lease agreements ("Lease #1", "Lease #2" or the "Agreements") over two nonresidential properties to be used as parking facilities (the "Leased Premises"). Pursuant to these Agreements, Debtor's total combined rent obligation to AEELA for each month was $18,986.50. This amount included, the base rent for Lease #1 in the amount of $11,686.50, and for Lease #2 in the amount of $7,300.00, in addition to a delinquency penalty of one percent 1% in the event of arrears.

-1-

On April 1, 2015, the Agreements expired and Debtor continued to lease the Premises on a month to month basis. Debtor filed for Chapter 11 relief on February 4, 2016. The Debtor maintained possession and occupancy of the Leased Premises until February 29, 2016.

Through their motion, AEELA is requesting payment from Debtor in the amount of $18,986.50 for post-petition rent pursuant to the expired Lease Agreements as an administrative expense pursuant to 11 U.S.C. § 503(a). In response to AEELA's request, Debtor argues that the rents were due on the first day of each month, and since Debtor's voluntary petition was filed on the 4th day of February, said rents fall within the pre-petition timeframe, and are thus excluded as an administrative expense pursuant to Section 503(a).

In In re Goody's Family Clothing Inc., 610 F.3d 812, 814 (3rd. Cir. 2010), the Third Circuit held that "'[s]tub rent'…is the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment." Analogous to the case at bar, the In re Goody's debtor and landlord had executed a lease agreement for a non-residential property that would be paid in advance the first day of every month. Nonetheless, in both In re Goody's and the case under consideration, both Debtors continued occupying the leased property after filing their voluntary petitions. The Goody's court held that "[l]andlords are entitled to receive payments under Bankruptcy Code § 503(b)(1) for use of their nonresidential real property during stub period of June 9-June 30, 2008." In re Goody's, 610 F.3d at 819-820. That being established, the issue before this court is whether the February 2016 rent obligations, pursuant to the Agreements between Debtor and AEELA, fall within the post-petition period.

In keeping with In re Goody's holding, this court answers said inquiry as follows. The rent accrued by Debtor from February 1 to February 3, 2016 is considered pre-petition. However, the rent accrued from the petition filing date of February 4, 2016, to the date the Debtor vacated

the Premises on February 29, 2016, results in twenty-six (26) days of post-petition rent obligations for the month of February 2016 being due and owing as administrative expenses. Calculating twenty-six (26) days of rent obligations on a per diem basis from a total monthly amount due of $18,986.50, gives a prorated amount due of $17,022.38. In re Goody's, 610 F.3d at 819-820. Therefore, the total administrative expense being requested by AEELA should be reduced by $1,964.12. Said reduction represents the three (3) days of February that are part of Debtor's accrued pre-petition rent.

WHEREFORE, IT IS ORDERED that *Landlord's Motion for Order Requiring the Debtor to Pay Post Petition Rent and Granting an Administrative Expense Claim Pursuant to 11 U.S.C. § 503(a)* is GRANTED in the total amount of $17,022.38.

SO ORDERED

San Juan, Puerto Rico, this 22nd day of December, 2016.

Brian K. Tester
U.S. Bankruptcy Judge